IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Case No. 05-cv-00024-MSK-BNB

SIZCOL, INC., an Arizona corporation,

    Plaintiff,

v.

IVAN R. UTRERA and
STEPHEN L. OLDHAM,

    Defendants.

_____

**OPINION AND ORDER GRANTING MOTION TO BIFURCATE AND
MOTION FOR SUMMARY JUDGMENT**
_____

**THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion to Sever claims against the Defendants, to which no responsive papers were filed; and the Plaintiff's Motion for Summary Judgment, Defendant Oldham's response, and the Plaintiff's reply. These filings do not contain docket numbers from this District, as they were filed during the time in which this case was pending in the District of Utah.

**BACKGROUND**

The following facts are either undisputed, or with regard to the Motion for Summary Judgment are construed most favorably to the non-movant.

In 1996, the Plaintiff entered into a lease agreement with Rodizio Restaurants International ("Rodizio") for certain real property owned by the Plaintiff upon which Rodizio intended to operate a restaurant. The Defendants signed personal guarantees of Rodizio's

1

payments due under the lease. Rodizio defaulted on its obligations, and the Plaintiff commenced this action against the Defendants as guarantors, seeking payment of the amounts due under the lease.

On April 21, 2004, while the case was pending in the United States District Court for the District of Utah, the Plaintiff moved for summary judgment. The Plaintiff alleged that the amount due on the lease was $ 181,670.57, plus 15% annual interest from April 1, 2004. Shortly thereafter, Defendant Utrera notified the Court that he had filed for Chapter 7 bankruptcy in Utah. The Plaintiff responded by moving to "sever[ ] Plaintiff's claims against Defendant Oldham so that Plaintiff may be allowed to pursue its claims against Mr. Oldham" without being hindered by the automatic stay applying to actions against Defendant Utrera.

Defendant Oldham did not respond to the Motion to Sever, but on August 16, 2004, responded to the Plaintiff's summary judgment motion. That response noted that no discovery had yet taken place, and that Defendant Oldham had been involved in other ongoing litigation with Rodizio, and that he "believes that many concessions, amendments (sic) have occurred between Rodizio and the Plaintiff from 1999 to 2003, which facts are relevant to the final resolution of this case." However, the response did not purport to describe the facts at issue, nor identify any efforts made by Defendant Oldham to obtain those facts.

On January 6, 2005, the case was transferred to this Court. Since that transfer, no party has filed any substantive pleading. In particular, more than a year has passed since Defendant Oldham's response to the Motion for Summary Judgment, yet Defendant Oldham has not filed any supplemental response to that motion addressing the progress of the case during that time.

## JURISDICTION

The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## ANALYSIS

**A. Severance**

Although captioned as a "Motion to Sever," the Plaintiff's motion actually seeks bifurcation of the claims against Defendant Oldham and Defendant Utrera pursuant to Fed. R. Civ. P. 42(b). Rule 42(b) authorizes the Court to direct that issues or claims be bifurcated and tried separately if doing so would "further[ ] convenience or [ ] avoid prejudice, or when separate trials would be conducive to expedition and economy." The decision to bifurcate is confined to the sound discretion of the trial court to be exercised with the express principles of Rule 42(b) in mind. *Palace Exploration Co. v. Petroleum Development Co.*, 316 .3d 1110, 1119 (10th Cir. 2003).

District courts commonly use Rule 42(b) in order to bifurcate cases when a bankruptcy stay against one defendant might stall proceedings against other defendants. *See e.g. Cashman v. Montefiore Medical Center*, 191 B.R. 558, 561 (S.D.N.Y. 1996); *Dental Benefits Management Inc. v. Capri*, 153 B.R. 26, 28-29 (E.D. Pa. 1992). Application of Rule 42(b) will serve to expedite consideration of the claims against Defendant Oldham here. Although the claims against both Defendants arise from the same transaction with Rodizio, each Defendant executed a separate guaranty. The separate guarantees form the basis of separate claims against each Defendant. Defendant Utrera is not a necessary party with regard to the claims against Defendant Oldham, or *vice-versa*. Defendant Oldham is not entitled to a stay of claims against him due to Defendant Utrera's Chapter 7 bankruptcy case. Accordingly, it is appropriate to

grant the Plaintiff's motion to bifurcate the claims against the two Defendants pursuant to Fed. R. Civ. P. 42(b).

### B. Summary judgment motion

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Cattret*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F. 3d 567, 569 (10th Cir. 1994); *see also In re Ribozyme Pharmaceuticals, Inc. Securities Litigation*, 209 F. Supp.2d 1106 (D. Colo. 2002). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv SAP, Inc.*, 210 F. 3d 1132 (10th Cir. 2000); *Carry v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party. *Anderson*, 477 U.S. at 248. The court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *Houston v. Nat'l General Ins. Co.,* 817 F. 2d 83, 85 (10th Cir. 1987); *Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Grayson v. American Airlines, Inc.*, 803 F. 2d 1097, 1101 (10th Cir. 1986).

The analysis to be applied differs depending on whether the moving party is also the party with the burden of proof at trial. If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient,

competent evidence.  *See* Fed. R. Civ. P. 56(e).  Once the moving party has met its burden, the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute.  *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).

      Here, the Plaintiff bears the burden of proving its claims at trial, and therefore to obtain a summary judgment must  first come forward with competent evidence to establish each element of its claim against Defendant Oldham.  The Plaintiff's claim is for breach of guaranty.  Although the parties did not address the governing law, the elements of that claim are the same under either Colorado or Utah law.  The Plaintiff must show: (i) the existence of a contract; (ii) performance of the contract by the Plaintiff; (iii) breach of the contract by the Defendant; and (iv) damages.  *Campbell, Maack & Sessions v. Derby*, 38 P.3d 984, 991 (Utah App. 2001); *Western Distributing Co. v. Diodoso*, 841 P.2d 1053, 1058 (Colo. 1992).   The Plaintiff has carried its burden here.  It has come forward with sufficient facts to establish that it was a party to contracts both with Rodizio (the lease) and Defendant Oldham (the guaranty), that it performed under those contracts by leasing property to Rodizio, that Rodizio defaulted on the lease, that Defendant Oldham has breached the guaranty by not making good on Rodizio's default, and that the Plaintiff has consequently suffered damages in excess of $ 180,000.

      Thus, the burden shifts to Defendant Oldham to come forward with evidence indicating the existence of a genuine issue of material fact with regard to one or more of the elements.  Defendant Oldham's response, however, does not assert any facts.  Rather, he raises two issues: that the Plaintiff and Rodizio made modifications to the underlying lease, and that discovery has not yet occurred in this case.  With regard to the first issue, Defendant Oldham offers only

conclusions; he does not point to any items of evidence to support his assertion that the lease was modified. This is insufficient to carry his burden under Rule 56. *U.S. v. Simmons*, 129 F.3d 1386, 1388-89 (10th Cir. 1997) ("Conclusory allegations made by a non-movant will not suffice. Instead, 'sufficient evidence (pertinent to the material issue) must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein.'") (citations omitted).

Defendant Oldham's contention regarding the need for discovery is essentially a request pursuant to Fed. R. Civ. P. 56(f). That rule provides that "Should it appear from the affidavits of a party opposing the motion that the party cannot, for reasons stated, present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had." The Court should grant relief under Rule 56(f) liberally. *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554-55 (10th Cir. 1993). However, the mere assertion by the non-movant that more discovery is needed is insufficient to properly invoke Rule 56(f). By its own terms, a request under Rule 56(f) must be made by an affidavit, stating reasons why the party is unable to present facts to oppose summary judgment. That affidavit must do more than simply allege that discovery has not been completed, or that specific facts are unavailable to the affiant. *Id.* at 1555. Rather, the affiant must show how the additional time requested will enable him to rebut the movant's allegations that no issue of fact exists. *Id.* To do so, the affiant should identify the specific facts sought to be obtained and what steps the affiant has already made to obtain them. *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir.1992).

Here, Defendant Oldham's response was not accompanied by an affidavit setting forth the facts he intended to obtain nor what steps he has made to obtain them.  Indeed, his response was not accompanied by an affidavit at all.  Accordingly, Defendant Oldham has not made a sufficient showing to entitle him to relief under Fed. R. Civ. P. 56(f).

Thus, Defendant Oldham has not met his burden of coming forward with facts to demonstrate a genuine issue of material fact with regard to any of the elements of the Plaintiff's claim. Consequently, the Plaintiff's Motion for Summary Judgment is granted as against Defendant Oldham.  Pursuant to the Plaintiff's showing, the Court will enter judgment against Defendant Oldham in the amount of $ 181,670.57, plus interest at the contract rate of 15% from April 2004.[1]

## **CONCLUSION**

For the foregoing reasons, the Plaintiff's Motion to Bifurcate is **GRANTED**, and the claims against Defendant Oldham and Defendant Utrera will be tried separately pursuant to Fed. R. Civ. P. 42(b).  The Plaintiff's Motion for Summary Judgment is **GRANTED** as against Defendant Oldham.  Contemporaneously with this Order, the Court will enter judgment against Defendant Oldham in the amount of $ 181,670.57, plus simple interest in the amount of $35,425.76 for the period of April 1, 2004 to August 1, 2004, for a total of $ 217,096.33.

Upon the Plaintiff's uncontested representation that Defendant Utrera has obtained a bankruptcy discharge, it would appear that the Plaintiff's claims against Defendant Utrera are

---

[1] The Plaintiff does not designate whether interest is to be compounded, nor over what term such compounding should take place, nor does the lease agreement.  Accordingly, the Court will compute only simple interest.  The period of April 1, 2004 to August 1, 2004 is 1.3 years. (For ease of calculation, the Court will disregard time periods of less than one month.)  15% interest over 1.3 years on the sum of $181,670.57 yields additional interest in the amount of $35,425.76.

moot.  Accordingly, those claims are **DISMISSED**.  The Plaintiff may, upon an appropriate showing of legal authority to permit it to pursue the claims against Defendant Utrera, request reconsideration of this dismissal within 14 days of the date of this Order.  Upon the entry of judgment against Defendant Oldham and the dismissal of claims against Defendant Utrera, there appear to be no further matters requiring resolution by the Court.  Accordingly, the Clerk of the Court shall close this case.

Dated this 25th day of August, 2005

                                              **BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
United States District Judge